**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ARDEN INNOVATIONS LLC, | Civil Action No. 6:20-cv-689 |
| Plaintiff, | Jury Trial Requested |
| v. | |
| TRACTOR SUPPLY COMPANY, | |
| Defendant. | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Arden Innovations LLC ("Arden" or "Plaintiff") files this Original Complaint against Defendant Tractor Supply Company ("Tractor Supply" or "Defendant") for infringement of U.S. Patent No. 8,001,465 (the "'465 patent"). The '465 patent is referred to herein as the "patent-in-suit."

## THE PARTIES

1.     Plaintiff is a Texas limited liability company with a place of business in Dallas, Texas.

2.     Defendant is a corporation organized and existing under the laws of Delaware with a principal place of business at 5401 Virginia Way, Brentwood, Tennessee 37027. Defendant may be served with process through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendant, directly or through intermediaries, including its wholly-owned subsidiaries, because it has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

6.     On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of the infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. For example, Defendant offers for sale and sells to customers in Texas and this District products and services through its stores and its website tractorsupply.com, which includes features that infringe and/or cause infringement of the patent-in-suit.

7.     Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement, including inducing acts of patent infringement by others, in the District and has regular and established places of business within the District, including at least 300 North Valley Mills Rd., Ste A, Waco, TX 76710 and 2801 Corporation Parkway, Woodway, TX 76712.

## THE PATENT-IN-SUIT

8.     The '465 patent is titled "Compacting an Information Array Display to Cope with Two Dimensional Display Space Constraint." The inventions claimed by the '465 patent generally

relate to new and novel systems and methods for accommodating elements of an information array within the physical constraints of a predetermined two dimensional display space.

9.      The '465 patent lawfully issued on August 16, 2011, and stems from Application No. 10/020,909, which claims priority to Indian application 590/MUM/2001, filed on June 26, 2001.

10.     The named inventors on the patent-in-suit are Abdus Samad Kudrolli, Feroz Kudrolli, and Parvez Kudrolli.

11.     Each claim of the patent-in-suit is presumed valid.

12.     Each asserted claim of the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

13.     The technologies claimed by the patent-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention. For example, the patent-in-suit details shortcomings with prior art formatting in predetermined two dimensional display spaces (*see, e.g.*, '465 patent, 1:21-3:54) and then discloses technical solutions to those shortcomings whereby space wastage is minimized and maximum possible readability is preserved (*see, e.g.,* '465 patent, 3:56-5:4).  This disclosure is reflected in the asserted claims of the patent-in-suit.

## COUNT I
### (Infringement of U.S. Patent No. 8,001,465)

14.     Plaintiff incorporates paragraphs 1 through 13 herein by reference.

15.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

16.     Plaintiff is the owner of the '465 patent with all substantial rights to the '465 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.

17.     The '465 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. §271(a))

18.     Defendant has, and continues to, infringe one or more claims of the '465 patent in this judicial district and elsewhere in Texas and the United States.

19.     Defendant has infringed, and continues to infringe, either by itself or via an agent, at least claim 1 of the '465 patent by, among other things, using webpages that use the flex-shrink property ("the Accused Products"), including www.tractorsupply.com.

20.     Attached hereto as Exhibit A, and incorporated herein by reference, is a claim chart illustrating how Accused Products infringe the '465 patent.[1]

## INDIRECT INFRINGEMENT (INDUCEMENT - 35 U.S.C. §271(b))

21.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative and in addition to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '465 patent by inducing direct infringement by end users of the Accused Products (*e.g.*, use of an Accused Product as illustrated in Exhibit A).

22.     Defendant has had knowledge of the '465 patent and its infringements at least based on the filing of this complaint.

---

[1] The chart attached as Exhibit A is illustrative and provided for purposes of satisfying Plaintiff's pleading obligations and should not be construed as limiting. Plaintiff will serve infringement contentions in this case in accord with the Local Rules, Courter orders, and/or schedule entered by the Court.

23.     On information and belief, despite having knowledge of the '465 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers, to acquire and/or use such products (e.g., www.tractorsupply.com) in a way that infringes the '465 patent, including at least claim 1, and Defendant knew or should have known that its actions were inducing infringement.

24.     Defendant instructs and encourages users to use the Accused Products in a manner that infringes the '465 patent. For example, Defendant provides access to the Accused Products in a manner that causes the user's web browser to perform in an infringing manner based on the code utilized by the Accused Products (*e.g.,* as illustrated by Exhibit A).

25.     Defendant is liable for its infringements of the '465 patent pursuant to 35 U.S.C. § 271.

26.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **JURY DEMAND**

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a.      Judgment that one or more claims of the '465 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.      Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other

conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c.     Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

d.     That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.     Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages;

f.     That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: July 28, 2020               Respectfully submitted,

/s/ *Ryan Griffin*
Ryan Griffin
Texas Bar No. 24053687

**GRIFFIN LAW PLLC**
312 W 8th Street
Dallas, TX 75208
Tel: (214) 500-1797
ryan@griffiniplaw.com

Attorneys for Plaintiff
**ARDEN INNOVATIONS LLC**